# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

BOARD OF DIRECTORS OF FREE PUBLIC LIBRARY OF THE CITY OF LAWRENCE, KANSAS ET AL,

    Defendants.

Case No. 24-4016-JAR-BGS

## SCHEDULING ORDER

On March 20, 2024, U.S. Magistrate Judge Brooks G. Severson conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Justin Spiehs appeared through counsel Linus L. Baker by telephone. Defendants Board of Directors of Free Public Library of the City of Lawrence, Kansas, *et al.* appeared through counsel Samuel A. Green, by telephone.[1]

Following is a brief summary of the nature of the case:

> Plaintiff Justin Spiehs brings 42 U.S.C. .§ 1983 claims against Board Of Directors Of Free Public Library Of The City Of Lawrence, Kansas, Kathleen Morgan, Marc Veloz, and Sara Mathews alleging defendants violated his First Amendment rights. Defendants generally deny plaintiff's allegations and deny that they violated plaintiff's First Amendment rights. The individual defendants allege they are entitled to qualified immunity, and there is no basis for liability against the Board of Directors of Free Public Library of the City of Lawrence, Kansas. Defendants deny that plaintiff suffered any recoverable injury or damages.

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Proposed protective order submitted to court | **filed** |
| Plaintiff's settlement proposal | **April 12, 2024** |
| Defendant's settlement counter-proposal | **April 28, 2024** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 13, 2024** |
| Comparative fault identification | **N/A** |
| Motions to amend | **April 12, 2024** |
| Mediation completed | **June 28, 2024** |
| Plaintiff's (?) Experts disclosed | **June 14, 2024** |
| Physical and mental examinations | **N/A** |
| Defendants' (?)experts disclosed | **July 15, 2024** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **August 16, 2024** |
| Proposed pretrial order due | **September 13, 2024** |
| Pretrial conference | **September 24, 2024  2:00 pm** |
| Potentially dispositive motions (e.g., summary judgment) | **October 22, 2024** |
| Motions challenging admissibility of expert testimony | **42 days before trial (unless *Daubert* issues encompass a summary judgment issue)** |
| Trial — ETT 4 days | **t/b/d** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 12, 2024**. Defendant must make a good-faith counter-proposal by **April 28, 2024**. By **May 13, 2024**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **June 28, 2024**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

     **a.**     The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance on **March 11, 2024**; documents identified therein have been exchanged. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

     **b.**     All discovery must be commenced or served in time to be completed by **August 16, 2024**.

     **c.**     The parties agree that principles of comparative fault do not apply.

     **d.**     As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **June 14, 2024**, and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **July 15, 2024**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If

such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

    **e.**    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

    **f.**    The court considered the following discovery problem(s) raised by one or more of the parties:  None.

    **g.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> If discovery is requested in the form of ESI such as emails or videos they shall be produced in their native format.

    **h.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that they will not waive any privilege or protection that would otherwise apply to any documents or information simply because those documents or information were inadvertently produced or disclosed to the adverse party during discovery in this case. In the event a party wishes to assert a privilege or protection with respect to documents or information that has already been produced or disclosed, the party asserting the privilege or protection will promptly notify the party that received the production or disclosure. If the receiving party wants to oppose the claim of privilege, that party may do so with the Court. Any party withholding responsive information from discovery on the basis of a privilege must timely serve a privilege log consistent with Fed. R. Civ. Pro. 26(b)(5)(A) and the case law in this District.

    **i.**    To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:  None.

**j.** No more than **10** depositions may be taken by plaintiff, and no more than **10** depositions may be taken by all defendants. Each deposition must be limited to **7** hours except for the deposition(s) of the parties/party representative(s), which must be limited to **7** hours. All depositions will be governed by the written guidelines on the court's website:

https://ksd.uscourts.gov/file/843

**k.** Discovery is governed by the protective order entered on **March 1, 2024**.

**l.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions.**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **April 12, 2024**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 22, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in

summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: https://ksd.uscourts.gov/file/326.

  **d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **42 days before trial**, unless the *Daubert* challenge encompasses a summary judgment issue (then deadline is the same as dispositive motions, October 18, 2024).

  **e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

  **f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time

that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.      Pretrial Conference, Trial, and Other Matters.**

a.      Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **September 24, 2024, at 2:00 p.m.** by telephone (888-363-4749; access code 5407703); however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **September 13, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

b.      The parties expect the jury  trial of this case to take approximately 4  trial days in Topeka, Kansas.  The court will subsequently set this case for trial.

c.      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

d.      This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated March 20, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge