UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS,

    Plaintiff,

v.

BOARD OF DIRECTORS OF THE FREE
PUBLIC LIBRARY OF THE CITY OF
LAWRENCE, et al.,

    Defendants.

Case No. 24-4016-JAR-BGS

**MEMORANDUM AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO AMEND COMPLAINT**

Now before the Court is Plaintiff's amended motion to file an Amended Complaint. (Doc. 49.) Defendants oppose the motion as futile. (Doc. 50.) As more fully set forth below, Plaintiff's Motion to Amend (Doc. 49) is **GRANTED in part** and **DENIED in part** as set forth more fully below.

**I.  Background.**

The claims contained in this lawsuit were originally brought by Plaintiff Justin Spiehs as part of Case No. 23-4107-JAR-BGS ("the original lawsuit"). The original lawsuit, which is still pending before the District Court, included claims against Defendants Lisa Larsen, Courtney Shipley, and the Board of City Commissioners for Lawrence, Kansas ("City Defendants") and against Kathleen Morgan, Marc Veloz, Sara Mathews, Erica Segraves, Phillip Howard, Unidentified Library Security Guard, and the Board of Directors of the Free Public Library of the City of Lawrence, Kansas ("Library Defendants"). Therein, Plaintiff alleged First Amendment claims against both groups of Defendants arising out of distinct events that took place at the Lawrence City Commission meetings, and the Lawrence Public Library.

1

The City Defendants and the Library Defendants both filed unopposed Motions to Sever (Case No. 23-4107-JAR-BGS, Docs. 14 and 21) pursuant to Fed. R. Civ. P. 21. All parties agreed that Plaintiff's claims against the two groups of Defendants are based upon discrete events. The District Court agreed and found that the interests of judicial efficiency would be served by litigating the claims separately. Both motions to sever were thus granted by the District Court. (Case No. 23-4107-JAR-BGS, Doc. 33.)

After the District Court ordered severance of the claims against the Library Defendants from the original lawsuit, the present case was created assigning the 24-4016 case number. The original Complaint in the present lawsuit against the Library Defendants was simply imported from the original lawsuit. (*Compare* Doc. 1 herein *with* Case No. 23-4107-JAR-BGS, Doc. 1.) As such, the operative Complaint in this lawsuit is the original "unsevered" Complaint, containing all the claims against, and factual allegations relating to, both the City Defendants and the Library Defendants. (*Id.*)

That Complaint included seven causes of action,[1] including one brought against the Library Defendants: an alleged Violation of Plaintiff's First Amendment Right to Freedom of Speech, Content & Viewpoint Discrimination, pursuant to 42 U.S.C. § 1983 (Sixth Cause of Action). (Doc. 1, at 40-43.) Therein, Plaintiff alleged that his First Amendment Rights were violated by the Library's "Behavior Policy" (discussed more specifically, *infra*) in two distinct ways – the "right to engage in speech by displaying his signs," which would properly be described as protest signs, as well as his "right to receive information through attendance at the Library events." (*Id.*, at 41.)

---

[1] While the Sixth cause of action is the final claim enumerated in the Complaint, the causes of action were numbered incorrectly as First, Second, Third, Fourth, Third [sic], Fifth, and Sixth (for a total of seven claims).

Plaintiff brings the present amended motion, timely filed pursuant to the deadline contained in the Scheduling Order,[2] seeking an Order for leave to file his proposed Amended Complaint. (Doc. 49.)  According to Plaintiff, the proposed Amended Complaint removes allegations unrelated to the Library Defendants, identifies and adds Defendants who were previously unknown (Defendants Heather Kearns, Karen Allen, Lauren Taylor, Tristan Starr, and Polli Kenn), added "video snapshots," and set out challenges to the Library's "Behavioral Policy" (hereinafter "Behavior Policy" or "the Policy").  (*See* Doc. 49 and 49-1.)  The proposed claims against the Library Defendants are First Amendment violations requesting declaratory and injunctive relief through a facial challenge to the Behavior Policy (Count 1) and an "as applied" challenge of the Behavior Policy (Count 2), First Amendment retaliation (Count 3), First Amendment content and viewpoint discrimination through the application of the Behavior Policy (Count 4)[3], First Amendment violation in the form of compelled speech (Count 5), and a violation of Plaintiff's Fourteenth Amendment right to equal protection under the law (Count 6).  Plaintiff has also added the City of Lawrence to this lawsuit because, he contends, Defendants "have admitted that the named library defendants identified in the original complaint were Lawrence City employees which implicates Monell liability to the City as well as the Board of Directors for the Library."  (Doc. 49, at 2.) Plaintiff contends that the proposed amended claims

> are consistent with the pled legal theories set out in the original complaint.  They all sound in the First Amendment.  The causes of

---

[2] The original motion to amend (Doc. 48) was filed on the April 12, 2024, deadline.  That motion has been supplanted by an amended motion to amend (Doc. 49), which is the subject of this Order.  Simply filing an "amended motion to amend" is not necessarily the proper procedure.  Based on the court's understanding of the circumstances leading up to the filing of the amended motion, however, the parties attempted to come to an agreement on Plaintiff's proposed Amended Complaint after the initial motion to amend was filed, which resulted in Plaintiff filing the amended motion (Doc. 49).  Defendants have not advanced arguments that the "amended motion to amend" is untimely.  As such, the Court will consider the motion timely-filed under the Scheduling Order deadline and analyze it under the standard for motions filed pursuant to Fed. R. Civ. P. 15, addressed in Section II, *infra*.
[3] This content and viewpoint discrimination claim was the claim alleged against the Library Defendants in the original Complaint.  (*See* Doc. 1, at 40-43.)

3

>>action remain viewpoint discrimination, retaliation, and facial and as applied causes of action regarding the Library policy.

(*Id.*)

As stated above, Defendants oppose the motion, arguing that "the bulk of the proposed amendment would be futile." (Doc. 50, at 1.) Defendants do not oppose amending to add the library's security employee, Tristan Star, as a Defendant, but argue that "the remainder of the proposed amended complaint would be futile, and the requested amendment should be denied." (*Id.*, at 2.)

Defendants indicate that while Plaintiff's proposed Amended Complaint attempts to add Heather Kearns, Karen Allen, Lauren Taylor, and Polli Kenn as Defendants, the proposed pleading lacks "any allegations that would support a plausible claim for relief against them" with the "only reference to these individuals [being] in the paragraphs naming them." (Doc. 50, at 2 (citing Doc. 49-2, ¶¶12-14, 16-18).) Defendants also contend that Plaintiff's attempt to add the Lawrence City Commission is futile because the proposed Amended Complaint fails to assert any claims against the Commission, "including no claim for Monell liability." (Doc. 50, at 2.) Defendants continue that Plaintiff's proposed five additional counts against the Library all "fail to state a plausible claim for which relief may be granted." (*Id.*, at 2, 7-11.)

## II.  Standards for Motions to Amend.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course, either before the responding party answers or within 21 days after service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As an initial matter, the Court notes that Plaintiff was given a deadline of April 12, 2024, to file the present motion. While the motion was timely filed, *see* fn.1, *supra*, Plaintiff must still establish that he is entitled to leave from the Court to amend.

It is well-settled that in ruling on a motion for leave to amend, courts are instructed to freely give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). *See also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). A court should only deny leave to amend for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman*, 371 U.S. at 182; *Cohen v. Longshore*, 621 F.3d 1311 (10th Cir. 2010). The party opposing the motion bears the burden to demonstrate why the amendment should not be permitted. *Painter v. Midwest Health, Inc.*, No. 19-2336-DDC-ADM, 2020 WL 5016878, at *3 (D. Kan. Aug. 25, 2020) (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010)).

In opposing the motion, Defendants do not raise the issues of undue delay, bad faith, or undue prejudice. Rather, as discussed above, Defendants raise the issue of futility as to certain of Plaintiff's claims.

Once futility of the amendment is asserted, "[t]he proposed pleading is ... analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Causer v. Somers*, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *8 (D. Kan. Nov. 17, 2020). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Williamson v. United Parcel Service, Inc.*, 2020 WL 1638063, at *2 (D. Kan. April 2, 2020) (citation omitted). As the party opposing the motion, the burden is on Defendants to establish the futility of Plaintiff's proposed amendment. *Id.* (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

5

A court is justified in denying a motion to amend as futile if the non-movant establishes that the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); see 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citation omitted)).

To be facially plausible, a claim must include sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1218 (D. Kan. 2013) (citing *Iqbal*, 556 U.S. at 678). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). In determining the facial plausibility of an asserted claim, the Court need not consider "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (citing *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) and *Ogden River Water Users' Ass'n v. Weber Basin Conservancy Dist.*, 238 F.2d 936, 940 (10th Cir. 1956)). That stated, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party." *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *5 (D.Kan. Oct. 12, 2010).

**III.     Analysis.**

    **A.     Whether the Proposed Amended Complaint States a Claim for Which Relief May Be Granted Against Newly-Named Defendants Kearns, Allen, Taylor, and Kenn.**

6

1.      **The addition of Defendants Kearns, Allen, Taylor, and Kenn.**

Defendants argue that the proposed Amended Complaint alleges no wrongdoing by these four proposed individual Defendants. (Doc. 50, at 4.) Defendants continue that the proposed pleading "fails to plead any personal involvement" by these four individuals and that the "only time they are mentioned in the proposed amended complaint is in the paragraphs identifying them." (*Id.* (citing Doc. 49-2, ¶¶ 12-14, 16-18).)

Defendants have, however, mischaracterized Plaintiff's proposed allegations. The proposed Amended Complaint specifically alleges that these named individuals were "present and participated with the other defendants in the removal of plaintiff from the Library on May 17, 2023[,] and June 11, 2023." (Doc. 49-2, at ¶¶ 12-14, 16-17.) Although the proposed pleading does not contain a abundance of factual allegations regarding these Defendants, the allegations contained are sufficient for purposes of this motion to state a claim against them upon which relief may be granted.

2.      **Qualified Immunity.**

"Public officials enjoy qualified immunity in civil actions brought against them in their individual capacities when such claims arise out of the performance of their duties." *Neighbors v. Lawrence Police Department*, No. 15-4921-DDC-KGS, 2016 WL 3685355, 10 (D. Kan. July 12, 2016) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Qualified immunity is "an immunity from suit rather than a mere defense to liability," which is "lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2808, 86 L. Ed. 2d 411 (1985).

A presumption of qualified immunity exists as it "represents 'the norm' for public officials, and serves to insulate from suit all but the plainly incompetent or those who knowingly violate the law." *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (citations and internal quotation marks omitted). This presumption of immunity may be overcome "only by [a plaintiff] showing, first, that the official violated the plaintiff's federal statutory or constitutional rights, and, second, that the

7

rights in question were clearly established at the time of their alleged violation." *Lewis*, 604 F.3d at 1125 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

Defendants argue that Plaintiff is unable to meet the two prongs of this burden as to the proposed claims alleged against Kearns, Allen, Taylor, or Kenn. As an initial matter, Defendants contend that Plaintiff has failed

> to plead a plausible constitutional violation committed by these individuals. Allegations that they were library employees, that they were reading a library document, that they read a policy to plaintiff, or that they talked to each other while plaintiff was in the vicinity fall woefully short of establishing a plausible constitutional violation. …
> Second, it is not clearly established that these individuals' 'particular conduct' violated plaintiff's constitutional rights or indeed could violate plaintiff's rights. Neither Supreme Cour nor Tenth Circuit authority clearly establishes that reading a document of any kind can violate a plaintiff's First Amendment rights, that talking to fellow employees can violate a plaintiff's First Amendment rights, or that being inside the library where they work at the same time as plaintiff can violate his First Amendment rights.

(Doc. 50, at 6-7.) As such, Defendants argue that qualified immunity applies to the claims regarding these individual Defendants, making the proposed amendment futile. (*Id.*, at 7.)

The Court is not persuaded by Defendants' argument. Plaintiff has alleged more than these proposed individual Defendants having merely read a document, spoken to fellow employees, or were merely inside the library. As mentioned above, Plaintiff has alleged that these individuals were "present and participated with the other defendants in the removal of the plaintiff from the Library on May 17, 2023," with said removal alleged to have been unconstitutional. (*See* Doc. 49-2, at 4-5.)

Further, Plaintiff correctly argues that the currently-named Defendants in this lawsuit, who oppose Plaintiff's proposed amendment, have no standing to object to the futility of claims made against other potential Defendants. (Doc. 56, at 1-2.) Courts in this District and elsewhere in the United States have explicitly held that "[c]urrent parties unaffected by a proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." *Coleman v. Apple*

8

*Eight Hospitality Mgmt., Inc.*, No. 16-1343-JTM (D. Kan. May 8, 2017) (citing *Bailey v. B. Braun Med. Inc.*, No. 16-1544-WSD, 2017 WL 1547163, *2 (N. D. Ga. May 1, 2017) (citing *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D. N.J. Feb. 27, 2014) and *Clark v. Hamilton Mtg. Co.*, No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008))). *See also Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, *1 (D. Kan. Nov. 14, 2017). (citations omitted). "Rather, a current party may only challenge a proposed amendment directed at other parties to the extent that the party opposing the amendment is affected – for example through undue delay or undue prejudice." *Silva*, 2017 WL 5465531, at *1 (citation omitted). "Because defendant[s lack] standing to assert a futility argument on behalf of the proposed defendants, the court cannot bar the proposed amended pleading on this basis." *Id.* The Court finds that this is not a basis to deny Plaintiff's motion.

**B.     Lawrence City Commission.**

Plaintiff's motion states that he is adding the City of Lawrence "as the defendants have admitted that the named library defendants identified in the original complaint were Lawrence City employees which implicates Monell liability to the City as well as the Board of Directors for the Library." (Doc. 49, at 2.)  Defendants argue, however, that claims against the City Commission are futile because "[t]here is no basis for allowing an amendment to add the Lawrence City Commission where absolutely no claims are asserted against it and no facts are pled indicating the City had any involvement in the two incidents at the Library." (Doc. 50, at 7.)  Plaintiff responds that "rather than any of the Library employees," including the proposed new individual Defendants, "taking control, they failed to intervene, acquiesced, and ratified the private actor's actions denying entrance [to Plaintiff] and then making false claims to the police in their presence which makes a *Monell* connection to both the City and the Library." (Doc. 56, at 4.)

9

Exercising its discretion, the Court does not find that Defendants have established that Plaintiff's proposed claim against the Lawrence City Commission is futile for purposes of this motion. While the alleged connection linking the City Commission to Plaintiff's claims may be tenuous, the Court recognizes Defendants' opportunity to challenge the sufficiency of Plaintiff's amended pleading through a dispositive motion if they so choose. Allowing Plaintiff to file the proposed Amended Complaint "'comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)' to address a case on its merits, where Defendants may later challenge the claim … ." *Brez v. Fougera Pharms., Inc.*, No. 16-2576-DDC-GEB, 2017 WL 3267610, *6 (D. Kan. 2017) (citation omitted).

### C. Futility of New Causes of Action.

The original Complaint includes a lone cause of action against the Library Defendants – an alleged violation of Plaintiff's First Amendment Right to Freedom of Speech based on "Content and Viewpoint Discrimination," which is the Sixth Cause of Action in the original Complaint (technically the Seventh Cause of Action, *see* fn.1, *supra*. (Doc. 1, at 40-43.) In the proposed amended pleading, the Library Defendants are now included in all six causes of action. (*See generally* Doc. 49-2.) Defendants argue that the five proposed new claims against the Library Defendants "fail to state plausible claims for relief and amendment to add them would be futile." (Doc. 50, at 7.)

Plaintiff replies that the relief sought by including the Library Defendants under all six causes of action is "not substantially different" than the one First Amendment cause of action pled in the original Complaint. (Doc. 56, at 5.) According to Plaintiff, the relief sought in the proposed Amended Complaint "is still the same First Amendment violation however it is classified." (*Id.*) Plaintiff argues that he "had a right to engage in speech by displaying his signs" as well as a "right to receive information." (*Id.*) Further, he argues that the essential, underlying facts remain the same but are now merely "bolstered by photographic evidence." (*Id.*)

10

The original Complaint alleged that Plaintiff was improperly denied access to the library and that the Behavior Policy was "unconstitutionally vague." (Doc. 1, at ¶¶138, 149.) According to Plaintiff, the relief "is not substantially different" and the Court should, therefore, grant leave to amend. Within this framework, the Court will individually address Plaintiff's inclusion of the Library Defendants in the five additional proposed causes of action.

1. **Facial challenge to the Library's Behavior Policy.**

Plaintiff's proposed first cause of action is a claim for a violation of his First Amendment right to freedom of speech seeking declaratory and injunctive relief finding that the Behavior Policy is facially invalid. (Doc. 49-2, at 21-26.) Therein, Plaintiff alleges that the term "canvassing" is "vague [and] is overbroad impinging on free speech." (*Id.*, at 23.) Plaintiff complains about the prohibition in the Policy from "using" language and gestures the Library classifies as "obscene," "threatening," "harassing," and "abusive." (*Id.*) In this proposed cause of action, Plaintiff further complains that the Policy prohibits using language and gestures "directed at race, ethnicity, sexual orientation, ability, gender and identity, and other personal characteristics" and "prohibits anyone from 'using' expressions of disapproval of transgenderism, homosexuality, tattoos, body piercing, or bestiality[.]" (*Id.*, at 23-24.) This cause of action asserts that there is "no legitimate governmental interest narrowly tailored" by the prohibitions of the Policy. (*Id.*) Plaintiff alleges that the phrase "directed at" is "unconstitutionally vague and is subject to arbitrary enforcement," as are the terms "harassing," "abusive," "gestures," "[g]ender," "identity" and "other personal characteristics." (*Id.*)

A statute may be challenged as overly vague when its deterrent effect on legitimate expression is "both real and substantial" and the statute is not "readily subject to a narrowing construction by the state courts … ." *Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 60–61, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). "[W]hile there is little doubt that imagination can conjure up hypothetical cases in which the meaning of terms will be in nice question, … because we are

11

'[c]ondemned to the use of words, we can never expect mathematical certainty from our language' … ." *Hill v. Colorado*, 530 U.S. 703, 733, 120 S.Ct. 2480, 2498, 147 L.Ed. 2d 597 (2000) (internal citations omitted). *See also Faustin v. City and Cnty. of Denver, Colo.*, 423 F.3d 1192, 1202 (10th Cir. 2005).

Defendants argue that a "simple, straightforward reading of the Behavior Policy conclusively demonstrates that it is not facially vague." (Doc. 50, at 8) (referencing Doc. 50-1.) According to Defendants,

> [t]he vast majority of the policy's applications are quite clear (i.e. no carrying weapons, no being under the influence, etc.). Nothing about the Behavior Policy would result in a substantial amount of legitimate speech being chilled. It merely ensures that patrons of the Library act in a way that furthers the Library's purpose and mission.

(*Id.*) Accordingly, Defendants argue that Plaintiff's facial challenge to the Behavior Policy is futile. (*Id.*)

Exercising its discretion and recognizing Defendants will have an opportunity to challenge the sufficiency of Plaintiff's facial challenge to the Policy through a later dispositive motion, the Court will not deny Plaintiff's proposed amendment regarding this cause of action against the Library Defendants based on futility. The Court is not persuaded by Defendants' argument that "[t]he vast majority of the policy's applications are quite clear" – which strongly infers an admission that a certain portion of the policy's applications are <u>not</u> clear. The Court finds that this is not a basis to deny Plaintiff's motion. Permitting the filing of this proposed amendment regarding the Library Defendants "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)" to address a case on its merits. *Brez*, 2017 WL 3267610, at *6 (citation omitted).

### 2. The "as applied" claim.

Plaintiff's second proposed cause of action asserts an "as applied" challenge to the Behavior Policy. (Doc. 49-2, at 26.) Therein, Plaintiff alleges that the Library Defendants "have arbitrarily

interpreted the Behavior Policy to suppress and punish the content and viewpoint of [Plaintiff's] speech on those dates" by interpreting the Policy as "creating 'private events' that excluded viewpoints[.]" (*Id.*)  This proposed cause of action continues that "[t]he interpretation of the words and phrases identified in the Behavior Policy are 'irreparably clothed in subjectivity' and provides [sic] no standards to guide a Mayor's discretion." (*Id.*)

Defendants argue that the asserted cause of action is "unclear." (Doc. 50, at 8.)  Defendants argue that "[w]hy the Library's policy should or could guide the Mayor's discretion is not alleged." (*Id.*)  Defendants continue "[t]he factual allegations do not support the claim as plaintiff alleges that the Library did not allow him to attend the programs with his signs" but fails to "plead any facts suggesting the Library allowed others to hold signs during these programs." (*Id.*)  According to Defendants, this proposed claim is futile because Plaintiff's "allegations simply fail to show plausible content and viewpoint discrimination by the Library." (*Id.*)

Accepting for sake of this motion that all well-pleaded facts are true and recognizing Defendants will have an opportunity to challenge the sufficiency of Plaintiff's "as applied" challenge to the Policy through a later dispositive motion, the Court finds that Plaintiff's proposed amendment regarding this cause of action against the Library Defendants is not futile.  In the context of this Motion to Amend, Plaintiff has alleged sufficient facts to support his "as applied" cause of action in that he contends the Policy was applied to him in an arbitrary manner and differently than as applied to other (albeit unnamed) individuals.  The Court finds that this is not a basis to deny Plaintiff's motion.  Permitting the filing of this proposed amendment regarding the Library Defendants "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)" to address a case on its merits.  *Brez*, 2017 WL 3267610, at *6 (citation omitted).

### 3.     Plaintiff's retaliation claim.

The third cause of action in Plaintiff's proposed Amended Complaint is First Amendment retaliation.  (Doc. 49-2, at 27-30.)  Plaintiff alleges that he was barred by Defendants from attending and speaking at library events, which he describes as "functionally a prior restraint, which is presumptively unconstitutional."  (*Id.*, at 27.)

Defendants describe this proposed cause of action as "a recycled claim intended to be addressed against the City of Lawrence prior to this case being severed from Case No. 23-cv-04107."  (Doc. 50, at 9.)  Defendants argue that Plaintiff allegedly being preemptively banned from speaking "have nothing to do with the Library or the two events at the Library that form the sole backdrop of the claim asserted against the Library."  (Doc. 50, at 9.)  Instead, Defendants argue that the facts alleged "only suggest the Library would not let plaintiff hold signs at the two programs" and that Plaintiff fails to plead facts "suggesting the Library prevented [him] from ever speaking or ever attending Library programs."  (*Id.*)  According to Defendants, while Plaintiff alleges he was banned from attending open meetings, there is no factual allegation that Plaintiff ever attempted to attend an "open meeting" at the Library.  (*Id.*)  Thus, Defendants argue that "[n]o facts support a retaliation claim against the Library."  (*Id.*)

In the proposed Amended Complaint, Plaintiff alleges that Defendants' actions were "unreasonable" and "not narrowly tailored" by prospectively banning Plaintiff "without proof of dangerousness."  (Doc. 49-2, at 27.)  According to Plaintiff, this "interferes" with his "right to interact with elected representatives" and "objectively and unreasonably chills speech."  (*Id.*, at 27-28.)  He continues that he has a protected First Amendment right to access the library, which is a designated public forum.  (*Id.*, at 28.)  The proposed amended pleading continues that denying Plaintiff's access to the library "implicates two distinct First Amendment interests:  [Plaintiff's] right to engage in speech by displaying his signs, and his right to receive information through attendance at the Library events."  (*Id.*)

14

For the sake of this motion, the Court must accept all well-pleaded facts as true while viewing them in the light most favorable to Plaintiff.  *Carefusion 213, LLC*, 2010 WL 4004874, at *5. In doing so, and recognizing Defendants' opportunity to challenge the sufficiency of Plaintiff's retaliation claim through a dispositive motion, the Court finds that this proposed cause of action is not futile in the context of the present Motion to Amend.  Plaintiff has alleged sufficient facts to support his retaliation claim in that he contends he was treated differently or adversely because of his point of view.  (*See* Doc. 49-2, at 27-30.)  He alleges had "a right to receive information and to communicate information at the library event" like the rest of the general public but "both of those rights were unconstitutionally taken away the Library [D]efendants." (*Id.*, at 28.)  The Court finds that this is not a basis to deny Plaintiff's motion.  Allowing the proposed amended pleading to be filed "comports with the liberal amendment policy of Fed. R. Civ. P. 15(a)" to address a case on its merits.  *Brez*, 2017 WL 3267610, at *6 (citation omitted).

### 4.     Compelled speech claim.

Next at issue is Plaintiff's fifth cause of action, which alleges Defendants prohibited Plaintiff from hand clapping.  (Doc. 49-2, at 32.)  The proposed claim continues that the "prohibition to [Plaintiff's] non-verbal behavior" – in this case a prohibition on clapping – "compels [Plaintiff] to indicate approval or disapproval by removing his ability to communicate those things non-verbally after each speech." (*Id.*)

Defendants contend that this cause of action was previously "alleged against the City of Lawrence prior to this case being severed" (Doc. 1, p. 36-37) and subsequently dismissed by the District Court.  (Doc. 50, at 10 (citing *Spiehs v. Larsen*, No. 23-4107, 2024 WL 1374858, *13 (D. Kan. April 1, 2024)).)  In dismissing this cause of action in the related case, the District Court noted that "Plaintiff does not allege any specific facts to support his claim" and in fact, "does not even mention clapping in his factual allegations." *Spiehs*, 2024 WL 1374858, *13.

15

The same is true in the present case. Plaintiff has wholly failed to allege facts to support this cause of action. The proposed Amended Complaint contains no pleaded facts that suggest handclapping occurred at the Library or that the Library prohibited Plaintiff or anyone else from doing so. (*See generally* Doc. 49-2.) Absent "any factual matter to support his handclapping claims, Plaintiff cannot satisfy Fed. R. Civ. P. 12(b)(6)." *Spiehs*, 2024 WL 1374858, *13. Given the lack of factual support, the Court agrees that this claim would be futile. *Id.* Thus, this portion of Plaintiff's motion relating to the compelled speech claim (or fifth cause of action) in his proposed Amended Complaint is **DENIED**.

### 5. Equal protection claim.

Plaintiff's sixth cause of action alleges an equal protection claim based on a class-of-one theory, contending that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. (Doc. 49-2, at 33.) Defendants argue that Plaintiff has failed to "sufficiently alleged the requisite elements of such a claim." (Doc. 50, at 10.) To prevail on a class-of-one equal protection claim, Plaintiff must establish that he was treated differently than others who are "similarly situated in every material respect." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation marks and citation omitted). A plaintiff "must then show this difference in treatment was without rational basis, that is, the government action was "irrational and abusive," and "wholly unrelated to any legitimate state activity." *Id.* (internal quotation marks and citations omitted).

Plaintiff's proposed amended pleading alleges that he "has shown specific attendees … who are comparators – similarly situated – to [Plaintiff] who were allowed to attend the library events or remain in the Library." (Doc. 49-2, at 33.) Plaintiff further alleges that Defendants

> have chosen to take no adverse action against attendees who communicate different messages on shirts, hats, signs, or any other medium when attending library events who support or endorse the viewpoints of the defendants, but they take adverse action against a

16

> speaker like [Plaintiff] who has different viewpoints and brings up subjects that are personally offensive to the defendants or the message being conveyed at those drag-queen events.

(*Id.*)  Defendants argue that

> [c]ourts must approach class-of-one claims with caution because unless such claims are 'carefully circumscribed' the federal courts will turn into 'general-purpose second-guessers of the reasonableness of broad areas of state and local decisionmaking' because it 'is always possible for persons aggrieved by government action to allege . . . that they were treated differently from others.' *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210-11 (10th Cir. 2004).  Such a role is 'both ill-suited to the federal courts and offensive to state and local autonomy in our federal system.' *Id.* at 1211.

(Doc. 50, at 10.)

This proposed cause of action alleges that Defendants treated other "attendees who communicate different messages on shirts, hats, signs, or any other medium when attending library events" differently than Plaintiff was treated.  (Doc. 49-2, ¶ 121.)  Defendants argue that this is a "conclusory statement" that is unsupported by facts alleged in the proposed Amended Complaint.  According to Defendants,

> Plaintiff has not identified any other attendees who were treated differently for holding signs at library programs.  He has not pled any facts regarding any 'messages on shirts [or] hats' or that he attempted to convey such messages.  Quite simply, plaintiff has not pled any facts supporting the notion that he is similarly situated to other attendees 'in every material respect.' Indeed, plaintiff alleges that the Library staff told him he could not attend the programs only if he held his signs.  (Doc. 49-2, ¶¶ 28, 31, 44, 51).  Plaintiff was treated exactly like other program attendees.

(Doc. 50, at 11.)  Defendants continue that Plaintiff's proposed class-of-one claim is futile because he has failed to establish that others, "similarly situated in every material respect" were treated differently.  (*Id.* (citing *Penn Gaming*, 656 F.3d at 1216).)

However, Plaintiff's proposed Amended Complaint alleges that "[t]he Library defendant then claimed that signs containing pictures were permissible but signs containing words were not."

17

(Doc. 49-2, at 14.)  While Plaintiff has not identified specific individuals who were treated differently regarding the signs they were allowed to display, the Court finds this allegation to be sufficient in the context of the present Motion to Amend.  The Court finds that this is not a basis to deny Plaintiff's motion.  Plaintiff may, when given the opportunity, identify the individuals to which Defendants are alleged to have referred.  Further, Defendants can raise the issue of futility of this claim in a subsequent dispositive motion if they so choose.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. 49) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff, pursuant to D. Kan. Rule 15.1(b), file their Amended Complaint, in form attached to motion and reflecting the claims allowed to proceed in the present Order, on or before **May 29, 2024**.

**IT IS SO ORDERED**.

Dated May 15, 2024, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge