IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN SPIEHS

              Plaintiff,

v.                                    Case No. 5:24-cv-04016-JAR-BGS

BOARD OF DIRECTORS OF
FREE PUBLIC LIBRARY OF THE
CITY OF LAWRENCE, KANSAS
, *et al*

              Defendants

---

## **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Board of Directors of the Free Public Library of the City of Lawrence Kansas, Kathleen Morgan, Marc Veloz, Sara Mathews, Heather Kearns, Karen Allen, Lauren Taylor, Tristan Star, and Polli Kenn answer and respond to plaintiff's Amended Complaint [ECF Doc. 63] as follows:

1.     All allegations in the Amended Complaint not expressly admitted herein are denied.

2.     In response to ¶ 1, defendants admit that plaintiff brings a claim under the First Amendment pursuant to 42 USC § 1983 against these defendants. Defendants deny that plaintiff states a valid claim for relief against these defendants.

3.     In response to ¶¶ 2-3, these defendants admit the Court has subject matter jurisdiction and that venue is proper.

{T0482309}

      4.      In response to ¶ 4, these defendants admit plaintiff is a natural person.  These defendants lack sufficient information or knowledge to admit or deny the remaining allegations in ¶ 4, and therefore deny the same.

      5.      The allegations in ¶ 5 do not apply to these defendants and therefore no response is required.

      6.      In response to ¶¶ 6-7, defendants admit that the Free Public Library of the City of Lawrence is a library established in accordance with Kansas statutes and City of Lawrence Charter Ordinance No. 16, that members of the Board of Directors of the Free Public Library of the City of Lawrence, Kansas are appointed as set forth by statute, that the library is funded as set forth by statute and Charter Ordinance No. 16, and that the library has the powers and duties as set forth by Kansas statute.

      7.      In response to ¶ 8, these defendants deny that Morgan is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library.  Defendants admit that Morgan was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign.

      8.      In response to ¶ 9, these defendants deny that Veloz is an employee of the City of Lawrence, Kansas but admit that he is an employee of the Lawrence Public Library.  Defendants admit that Veloz was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign.

      9.      In response to ¶ 10, these defendants deny that Mathews is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library.

Defendants admit that Mathews was in the vicinity of plaintiff at the library on May 17, 2023 but deny the remainder of ¶ 10. These defendants further deny that defendant Mathews was the Outreach Coordinator for the Lawrence Public Library at the time of the incidents alleged in the Amended Complaint.

10. In response to ¶ 11, these defendants deny that Kearns is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library. Defendants admit that Kearns was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign.

11. In response to ¶ 12, these defendants deny that Allen is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library. Defendants admit that Allen was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign, and that she was outside the library auditorium on June 11, 2023 at or around the same time as plaintiff.

12. In response to ¶ 13, these defendants deny that Taylor is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library. Defendants admit that Taylor was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign.

13. In response to ¶ 14, these defendants deny that Star is an employee of the City of Lawrence, Kansas but admit that he is an employee of the Lawrence Public Library. Defendants admit that Star was present during a discussion between plaintiff and library staff on May 17,

2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign, and that he was present at the library on June 11, 2023 and interacted with plaintiff.

14. In response to ¶ 15, these defendants deny that Kenn is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library. Defendants admit that Kenn was present in the Library on June 11, 2023. Defendants deny the remainder of ¶ 15.

15. In response to ¶ 16, these defendants deny that Taylor is an employee of the City of Lawrence, Kansas but admit that she is an employee of the Lawrence Public Library. Defendants admit that Taylor was present during a discussion between plaintiff and library staff on May 17, 2023 in which library staff informed plaintiff he could not attend the library program while protesting and holding a sign but deny the remainder of ¶ 16.

16. In response to ¶ 17, defendants admit that the Board of Directors of the Free Public Library of the City of Lawrence and the individual defendants are properly referred to as "the Library Defendants." Defendants deny that the Public Library of the City of Lawrence is a separate defendant and deny that the City of Lawrence is properly included in the term "the Library Defendants."

17. The allegation in ¶ 18 is a legal conclusion for which no response is required. These defendants deny that ¶ 18 is an accurate statement of the law as it applies to the two programs held in the library auditorium of which plaintiff complains.

18. In response to ¶ 19, these defendants admit that Kansas Legal Services presented an information session at the library on May 17, 2023 and that the library's event page described

the event as set forth in ¶ 22 of the amended complaint. Additional or inconsistent allegations in ¶ 19 are denied.

19. These defendants lack sufficient information or knowledge to admit the allegations in ¶¶ 20-21, and therefore deny the same.

20. Defendants admit the allegations of ¶¶ 22-23.

21. In response to ¶ 24, these defendants state that plaintiff entered the library on May 17, 2023 with a sign that read something to the effect as alleged, and that one or two other persons were with plaintiff in the library also holding signs. These defendants lack sufficient information or knowledge to admit or deny the exact language on the signs and therefore deny the same.

22. These defendants lack sufficient information to admit or deny the first sentence of ¶ 25 and therefore deny the same. These defendants deny the second sentence of ¶ 25.

23. These defendants deny ¶ 26 as stated. Before plaintiff entered the auditorium, he was told he could not protest or hold a sign in the auditorium but that he could attend the program without the sign. Veloz was present along with other library employees.

24. Defendants admit the first sentence of ¶ 27. In response to the second sentence of ¶ 27, defendants admit plaintiff was told he could not attend the Kansas Legal Services informational session program in the auditorium while displaying his sign.

25. In response to ¶ 28, defendants deny they "approved and ratified" the woman's actions. Defendants generally admit the woman expressed concerns with plaintiff entering the program.

26. In response to ¶ 29, defendants admit the woman called police but deny the summary of the conversation.

27. In response to ¶ 30, defendants admit plaintiff was told he could not protest with signs inside the program.

28. In response to ¶ 31, defendants admit that there were multiple library employees in the vicinity of plaintiff.

29. In response to ¶ 32, defendants admit a library security employee spoke to plaintiff but deny the quoted language is accurate.

30. Defendants deny the first sentence of ¶ 33. Defendants admit the second sentence of ¶ 33. Defendants lack sufficient information or knowledge to admit or deny the third sentence of ¶ 33 and therefore deny the same. Regarding the fourth sentence of ¶ 33, defendants admit the police officer stated something to the effect alleged. Defendants deny the fifth sentence of ¶ 33.

31. In response to ¶ 34, defendants admit that Morgan was in charge at the Library on May 17, 2023 and spoke to the police officer.

32. In response to ¶ 35, defendants admit that the group using the library auditorium rented the auditorium, making the event a private event, and plaintiff was asked to leave the area of the auditorium. Defendants deny the remainder of ¶ 35.

33. In response to ¶ 36, defendants admit the officer informed plaintiff he would have to go outside the library to protest and that he would be arrested if he disobeyed a trespass order. Additional or inconsistent allegations in ¶ 36 are denied.

34. In response to ¶ 37, defendants admit that plaintiff was informed he could not protest inside the library but he could outside the library. Additional or inconsistent allegations in ¶ 37 are denied.

35. In response to ¶ 38, defendants admit that a library employee read a portion of the library's behavior policy to plaintiff and that plaintiff then exited the library building. Defendants deny additional or inconsistent allegations in ¶ 38.

36. In response to ¶ 39, defendants admit that a program titled Deja's Reading Rainbow was held in the library auditorium on June 11, 2023.  These defendants lack sufficient information or knowledge to admit or deny the remaining allegations in ¶ 39 and therefor deny the same.

37. These defendants lack sufficient information or knowledge to admit or deny the allegations in ¶ 40, and therefore deny the same.

38. These defendants admit ¶ 41.

39. Defendants generally admit the first sentence of ¶ 42, but Deja Brooks real name is Brandon Eisman.  Defendants lack sufficient information or knowledge to admit or deny the second sentence of ¶ 42 and therefore deny the same.  With regard to the third sentence of ¶ 42, these defendants admit that plaintiff had a sign that stated something to the effect alleged, but these defendants lack sufficient information or knowledge to admit or deny the specific language on plaintiff's sign and therefore deny the same.

40. Defendants lack sufficient information or knowledge to admit or deny the first sentence of ¶ 43, and therefore deny the same.  Defendants generally admit the remaining allegations in ¶ 43, but they lack sufficient information or knowledge to admit or deny the specific language used and therefore deny the same.

41. These defendants deny ¶ 44 as stated.  Star informed plaintiff that he could attend the program but that he could not hold signs or be disruptive.

42. In response to ¶ 45, defendants admit that library employees were in the vicinity of the auditorium entrance after Star spoke to plaintiff and that the photograph under ¶ 45 depicts two employees looking at a piece of paper. Additional or remaining allegations in ¶ 45 are denied.

43. In response to ¶ 46, defendants admit plaintiff had one or more signs that he was displaying outside the library auditorium. Other individuals with plaintiff also had signs, and defendants lack sufficient information or knowledge to admit or deny which signs plaintiff was holding.

44. In response to ¶ 47, defendants admit there were library employees in the vicinity of the auditorium entrance prior to the program starting.

45. In response to ¶ 48, defendants admit the photograph below ¶ 48 depicts three library employees hugging. Defendants deny that all of the employees were "reviewing the paperwork."

46. Defendants deny ¶ 49 as stated and specifically deny that Segraves was present. Plaintiff entered the auditorium but was not holding any signs when he entered.

47. Defendants admit the first sentence in ¶ 50. With regard to the second sentence of ¶ 50, these defendants admit that plaintiff was not holding a sign when he entered the auditorium, but they lack sufficient information or knowledge to admit or deny the specific allegation of the second sentence of ¶ 50, and therefore deny the same. With regard to the third sentence of ¶ 50, these defendants admit that plaintiff and others in his group began displaying signs after the program started. These defendants lack sufficient information or knowledge to admit or deny the fourth sentence of ¶ 50, and therefore deny the same. With regard to the fifth sentence of ¶ 50, these defendants admit that plaintiff was disrupting the program and a security employee

informed plaintiff that he was being disruptive of the event. With regard to the sixth sentence of ¶ 50, these defendants admit that other library employees were in the auditorium when the security employee spoke to plaintiff.

48. In response to ¶ 51, defendants admit that the security employee asked plaintiff to leave the auditorium. Additional or remaining allegations of ¶ 51 are denied.

49. In response to ¶ 52, these defendants admit that plaintiff left the auditorium after being asked to do so. Remaining or additional allegations in ¶ 52 are denied.

PLAINTIFF'S FIRST CAUSE OF ACTION

50. Defendants deny ¶¶ 53-54.

51. In response to ¶ 55, defendants lack sufficient information or knowledge as to plaintiff's belief and therefore deny the first sentence of ¶ 55. Defendants admit the library has a Behavior Policy and that the quoted language appears in the policy. The quoted language is not the full policy.

52. In response to ¶ 56, defendants generally admit that the quoted language is included in the library's Behavior Policy but is not the complete policy. Defendants deny the allegations in ¶ 56 to the extent the quoted language differs from the library's Behavior Policy.

53. Defendants deny ¶ 57.

54. Paragraph 58 is not a statement of fact and no response is required. To the extent a response is required, defendants deny ¶ 58.

55. Defendants deny ¶¶ 59-60.

56. Defendants deny ¶¶ 61-62 as stated. In response to ¶¶ 61-62, defendants admit the library behavior policy precludes "[b]ehavior that disturbs others' use of the library" as part of the library's commitment "to providing a safe and respectful environment for all its users."

Examples of unacceptable behavior are provided in the Behavior Policy, including "[u]sing obscene, threatening, harassing, or abusive language or gestures – including abusive language and gestures directed at race, ethnicity, sexual orientation, ability, gender and identity, and other personal characteristics."

57. Defendants deny ¶ 63 is an accurate statement of law as applied to this case and generally deny ¶ 63.

58. Defendants deny ¶¶ 64-68.

59. In response to ¶ 69, defendant denies there was a First Amendment violation. The remaining allegations in ¶ 69 are legal conclusions to which no response is required.

60. Paragraphs 70-71 are legal conclusions to which no response is required. Defendants deny the legal conclusions apply.

61. Defendants deny ¶¶ 72-73.

62. Paragraph 74 contains incorrect legal standards as applied to this case and defendants deny the same.

63. Defendants deny ¶ 75.

## PLAINTIFF'S SECOND CAUSE OF ACTION

64. In response to ¶ 76, defendants incorporate all other paragraphs of their answer herein.

65. Defendants deny ¶¶ 77-79.

## PLAINTIFF'S THIRD CAUSE OF ACTION

66. In response to ¶ 80, defendants incorporate all other paragraphs of their answer herein.

67. Defendants deny the first sentence of ¶ 81. Defendants lack sufficient information or knowledge to admit or deny the second sentence of ¶ 81 and therefore deny the same.

68. Paragraph 82 does not appear to be addressed to these defendants. To the extent it is, defendants deny ¶ 82.

69. Paragraph 83 does not appear to be addressed to these defendants and contains legal conclusions to which no response is required. To the extent a response is required, defendants deny ¶ 83 and specifically deny any preemptive ban on "speaking at later public speaking section."

70. Paragraph 84 does not appear to be addressed to these defendants and contains legal conclusions to which no response is required. To the extent a response is required, defendants deny ¶ 84, deny any prospective ban of a speaker, and deny any open meeting bans of plaintiff.

71. Paragraph 85 states legal conclusions to which no response is required. Defendants specifically deny that the legal conclusions stated in ¶ 85 apply to the specific programs held in the library's auditorium.

72. Defendants admit the first sentence of ¶ 86. The remainder of ¶ 86 is denied.

73. Defendants deny ¶ 87.

74. Defendants lack sufficient information or knowledge to admit or deny the first sentence of ¶ 88 and therefore deny the same. Defendants deny the second and third sentences of ¶ 88. The fourth sentence of ¶ 88 is a legal quotation to which no response is required. These defendants deny that the quotation applies.

75. Paragraph 89 contains legal conclusions to which no response is required. Defendants deny that the broad legal statements in ¶ 89 apply to plaintiff's complaint.

76. Defendants deny ¶ 90.

77. Paragraph 91 contains a legal conclusion to which no response is required. Defendants deny that the broad legal conclusion stated in ¶ 91 applies to plaintiff's complaint.

78. Defendants deny ¶¶ 92-93.

79. In response to ¶ 94, defendants admit the library has a Behavior Policy but deny the provided link works.

80. In response to ¶ 95, defendants admit the library Behavior Policy precludes "[b]ehavior that disturbs others' use of the library" as part of the library's commitment "to providing a safe and respectful environment for all its users." Examples of unacceptable behavior are provided in the Behavior Policy, including "[u]sing obscene, threatening, harassing, or abusive language or gestures – including abusive language and gestures directed at race, ethnicity, sexual orientation, ability, gender and identity, and other personal characteristics."

81. Defendants deny ¶¶ 96-100.

## PLAINTIFF'S FOURTH CAUSE OF ACTION

82. In response to ¶ 101, defendants incorporate all other paragraphs of their answer herein.

83. Defendants deny ¶¶ 102-106.

84. Paragraph 107 does not appear to be addressed to these defendants. To the extent it is, defendants deny ¶ 107.

## PLAINTIFF'S FIFTH CAUSE OF ACTION

85. In response to ¶ 108, defendants incorporate all other paragraphs of their answer herein.

86. Paragraphs 109-110 are legal conclusions to which no response is required.  To the extent a response is required, defendants deny the legal statements apply.

87. Defendants deny ¶¶ 111-117.

88. Defendants deny plaintiff's prayer for relief against these defendants, including subparagraphs B-H.  These defendants specifically deny that plaintiff is entitled to an injunction as requested, deny that declaratory relief as requested against these defendants is appropriate, deny that plaintiff incurred actual damages, deny that plaintiff is entitled to an award of nominal damages, deny that plaintiff is entitled to punitive or exemplary damages, and deny that plaintiff is entitled to attorney fees and costs pursuant to 42 USC § 1988.

## DEFENSES

1. The individual defendants are entitled to qualified immunity from all claims against them in their individual capacities.

2. Defendant Board of Directors of the Free Public Library of the City of Lawrence, Kansas is not liable for plaintiff's claim under *Monell v. New York City Department of Social Services,* 436 US 658 (1977).

3. Defendants deny that plaintiff suffered any recoverable injury or damage.

4. Plaintiff fails to state a claim for which relief may be granted against these defendants.

## DEMAND FOR JURY TRIAL

Defendants demand all appropriate fact issues be tried to a jury.

{T0482309}

DESIGNATION OF PLACE OF TRIAL

These defendants designate Topeka, Kansas as the place of trial herein.

**FISHER, PATTERSON, SAYLER & SMITH, LLP**
3550 S.W. 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
sgreen@fpsslaw.com

**/s/Samuel A. Green**
Samuel A. Green                              #24221
**Attorney for Defendants Board of Directors of the Free Public Library of the City of Lawrence, Kathleen Morgan, Marc Veloz, Sara Mathews, Heather Kearns, Karen Allen, Lauren Taylor, Tristan Star, and Polli Kenn**

### Certificate of Service

I hereby certify on the 31st day of May, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Linus L. Baker
6732 West 185th Terrace
Stilwell, KS 66085
P: (913) 486-3913 | F: (913) 232-8734
linusbaker@prodigy.net
**Attorney for Plaintiff**

**/s/Samuel A. Green**
Samuel A. Green

{T0482309}